Anthony BRUNETTI and Sharon
Brunetti, Plaintiffs,

v.

RONEY & CO., a Limited Partnership
and Michael Fagerlie, jointly and
severally, Defendants.

No. 92–CV–75571–DT.

United States District Court,
E.D. Michigan, S.D.

Nov. 23, 1992.

Paul C. Gracey, Southfield, Mich., for plaintiffs.

Raymond W. Henney, Steven M. Ribiat, Honigman Miller Schwartz and Cohn, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant Roney & Co.'s Fed.R.Civ.P. 12(b)(6) motion to dismiss plaintiffs', Anthony and Sharon Brunetti's, complaint. Plaintiffs have neither responded to Roney & Co.'s motion nor have plaintiffs contacted the Court with regard to this motion. Pursuant to E.D.Mich. LR 7.1(e)(2), the Court ORDERS that Roney & Co.'s 12(b)(6) motion be disposed of upon the brief which Roney & Co. has submitted and without the Court entertaining oral argument on the motion. For the reasons set forth below,

defendant Roney & Co.'s motion to dismiss plaintiffs' complaint is granted.

## I. BACKGROUND

Plaintiffs filed a three count complaint against Roney & Co. and defendant Michael Fagerlie in the Circuit Court for the County of Wayne. The pertinent part of the complaint states as follows:

¶ 9. Fagerlie caused the Plaintiffs to purchase and sell securities in their account with a frequency greatly in excess of that required to meet Plaintiffs' stated investment objectives for the sole purpose of generating commissions for Defendants.

¶ 10. Fagerlie failed to disclose to Plaintiffs material facts concerning investments, including the failure to inform Plaintiffs:

    a. of the speculative nature of Advanced Medical Products and Veronex common stock.

    b. of the deterioration of the market value of Veronex and Advance Medical Products common stock, both of which were purchased, either, on the advice of Fagerlie or by Fagerlie without the prior knowledge of Plaintiffs and subsequently sold at a loss.

    c. that certain Detroit Edison Preferred Stock contained a call feature, which was exercised at a loss to plaintiffs.

\*    \*    \*    \*    \*    \*

¶ 14. Defendants' activities as set forth above in Paragraphs 1–11 constituted violations of Rule 10b–5 under the Securities Exchange Act of 1934.

Roney & Co. removed the case to the United States District Court for the Eastern District of Michigan.[1] In an Order dated November 19, 1992, the Court remanded plaintiffs' state law claims, and thus the only claim which remains before the Court is plaintiffs' claim that defendants violated Rule 10b–5 which was issued pursuant to the Securities Exchange Act of 1934.[2]

## II. OPINION

### A. STANDARD OF REVIEW

A motion brought pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted requires the Court to determine whether plaintiff has pleaded cognizable claims. The Court must accept as true all factual allegations in the complaint(s), and the motion must be denied unless it appears beyond doubt that the non-moving party cannot prove a set of facts which would permit relief. *Housing Opportunities Made Equal, Inc. v. The Cincinnati Enquirer*, 943 F.2d 644, 645 (6th Cir.1991); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

### B. RULE 10b–5 VIOLATION

Plaintiffs' 10b–5 claim contains two separate components: 1) fraudulent excessive trading or "churning;"[3] and 2) fraudulent misrepresentation. The Court will first address plaintiffs' churning claim.

In order for plaintiffs to state a claim for churning, the following elements must be present: "1) the trading must be excessive in light of the customer's investment objectives; 2) the broker must exercise control over the account; and 3) the broker must act with intent to defraud or with willful and reckless disregard of the customer's interests." *M & B Contracting Corp. v. Dale*, 795 F.2d 531, 533 (6th Cir.

---

1. The case was originally assigned to the Honorable Gerald E. Rosen. However, Judge Rosen recused himself from the case and pursuant to E.D.Mich. LR 100.2, the case was reassigned to this Court. After a review of the Court file, it appears that defendant Fagerlie has not yet been served.

2. To the extent that Roney's motion addresses the claims which have been remanded to state court, those portions of the motion are MOOT.

3. Churning is a "shorthand expression for a type of fraudulent conduct in a broker-customer relationship where the broker 'overtrades' a relying customer's account to generate inflated sales commissions." *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489 (6th Cir.1990) (citation omitted).

1986). Moreover, "[b]ecause an allegation of churning is an allegation of *fraud,* it must be pleaded with particularity; generalized and conclusory allegations that the defendants' conduct was fraudulent do not satisfy Rule 9(b)." *Craighead v. E.F. Hutton & Co., Inc.,* 899 F.2d 485, 489 (6th Cir.1990) (emphasis added) (citations omitted).[4]

In light of this backdrop, the Sixth Circuit in *Craighead* held that:

> to satisfy the requirements of Rule 9(b) in a claim for churning in violation of Rule 10b–5, the complaint ... should identify the securities involved and should contain a statement of facts which is sufficient to, at the very least, permit a rough ascertainment of either the turnover ratio or the percentage of the account value paid in commissions.... [The rationale underpinning this rule is that] to allege something is 'excessive' is, at its heart, to allege a comparison, and to plead a comparison with the specificity required by Rule 9(b), plaintiffs must indicate *what* is being compared, and *how.*"

*Id.* at 490–91 (emphasis in the original) (citations omitted).

■ In the case before the Court, plaintiffs have failed: 1) to allege facts sufficient to determine either the turnover ratio or account value paid in commissions; 2) to detail how the trading was "excessive;" or 3) to indicate the basis for their conclusion that the trading was excessive, including appropriate comparisons to relevant standards concerning turnover ratios or commissions. In addition, plaintiffs fail to allege, in a general averment, that the broker acted with the requisite scienter.[5] Accordingly, the Court finds that plaintiffs have failed to allege specific facts to satisfy Fed.R.Civ.P. 9(b), and thus, Roney & Co.'s motion to dismiss plaintiffs' churning claim must be granted.

■■ Plaintiffs also allege a claim based on fraudulent misrepresentation under Rule 10b–5. The basis for this claim is that Fagerlie failed to disclose that certain investments were not suitable for the type of account which plaintiffs had opened with Roney & Co.. However, as is the case with churning claims, unsuitability claims "are essentially fraud claims and must be pleaded with particularity [in accordance with Fed.R.Civ.P. 12(b)(6) ]." *Platsis v. E.F. Hutton & Co.,* 946 F.2d 38, 42 (6th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1669, 118 L.Ed.2d 389 (1992); *Craighead,* 899 F.2d at 493. The court in *Craighead* stated that "where a plaintiff alleges to be the victim of unsuitable trading or trades of an unsuitable nature, 'it is not enough merely to allege or imply that the defendant broker's purchases are inconsistent with a customer's investment objective.' " *Craighead,* 899 F.2d at 944. (citation omitted). In addition, a "plaintiff must allege [in a general averment] intent to defraud." *Leoni v. Rogers,* 719 F.Supp. 555, 568 (E.D.Mich.1989) (Friedman, J.). Moreover, "a plaintiff claiming fraud must at a minimum allege the time, place, and content of the alleged misrepresentation on which they relied." *Id.* (citing *Bender v. Southland Corp.,* 749 F.2d 1205, 1215 (6th Cir. 1984)).

Here, plaintiffs' complaint neither alleges the time, the place, the circumstances of Fagerlie's alleged misrepresentations, nor that the alleged misrepresentations were made with the requisite scienter requirement. Accordingly, plaintiffs have failed to satisfy Fed.R.Civ.P. 9(b), and thus Roney & Co.'s motion to dismiss plaintiffs' fraudulent misrepresentation claim under Rule 10b–5 must be granted.

The Court also notes that if plaintiffs fail to serve defendant Fagerlie within 120 days after the filing of the complaint,

---

4. Fed.R.Civ.P. 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

5. Roney & Co. also argues that plaintiffs fail to allege facts to infer that Fagerlie exercised control over the account. This argument is not supported by the facts. In ¶ 6 of the complaint, plaintiffs allege that "[o]n or about May 30, 1987, Roney assigned Fagerlie as the representative on plaintiffs' account."

which would be by December 22, 1992, that the Court will dismiss the action against defendant Fagerlie pursuant to Fed. R.Civ.P. 4(j).

## III. CONCLUSION

For all of the aforementioned reasons, defendant Roney & Co.'s 12(b)(6) motion to dismiss plaintiffs' complaint is hereby GRANTED.

IT IS SO ORDERED.